```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

KIMBERLY CAPERS,

                *Plaintiff*,

   -against-

COMMISSIONER OF SOCIAL SECURITY,

                *Defendant*.

```
----------------------------------------X
```

<u>**ORDER**</u>

18-CV-4579(KAM)

**KIYO A. MATSUMOTO, United States District Judge:**

    Presently before the Court is Plaintiff's motion for attorney fees. (*See* ECF No. 24 ("Pl. Mot.").) For the reasons set forth below, Plaintiff's motion is **GRANTED**.

    Plaintiff's counsel requests fees in the amount of $38,709.50 pursuant to 42 U.S.C. § 406(b), to be paid out of the past-due benefits awarded to Plaintiff, based on § 406(b) and Plaintiff's contingency fee agreement. (*See generally* Pl. Mot.) Plaintiff was previously awarded attorney's fees in the total amount of $10,800.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*See id.* ¶¶ 5, 9.) Of this amount, $3,400 was awarded by Judge Amon following Plaintiff's first successful appeal in 2016, and $7,400 was awarded based on her second appeal before this Court. (*Id.* ¶¶ 4-5, 8-9.)

1

Fees may be awarded under both the EAJA and § 406(b) so long as counsel refunds the smaller amount to the plaintiff. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002).

In determining whether to approve a requested fee amount under 42 U.S.C. § 406(b), courts consider the following factors: (1) whether the amount exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the contingency fee agreement; and (3) whether the amount is a windfall to the attorney. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Here, the current request is for 25% of Plaintiff's past-due benefits of $154,838.00, as allowed by section 406(b)(1)(A) and by the fee agreement between Plaintiff and counsel. (Pl. Mot. ¶ 19; ECF No. 24-3 at 2, 4-5, 13.) Plaintiff's counsel's time records reflect that 57.60 attorney hours were expended on the federal level for Plaintiff's two appeals, for a de facto hourly attorney rate of $672.04. (Pl. Mot. ¶¶ 12, 14, 16; ECF No. 24-3 at 7-8.) The Commissioner filed a response confirming that the Social Security Administration ("SSA") did not object to an award of the fees, that the requested amount does not exceed the statutory 25% limit, and that there is no evidence of fraud or overreaching. (ECF No. 25 at 1-2.) Regarding the hourly rate of $672.04, although the Commissioner noted that "[c]ourts in the Second Circuit have, in some cases, considered an hourly rate in this range to be a windfall and have found that lower rates were

2

appropriate," the Commissioner further stated that the SSA "defers to the Court regarding the appropriate award." (*Id*. at 2.) Further, when Plaintiff's counsel later notified the Court of the Second Circuit's decision in *Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022) discussing factors for assessing windfall and argued that under *Fields*, (ECF No. 27), the requested award did not constitute a windfall, the Commissioner responded that it did not take any position on the application of the *Fields* factors and emphasized the Court's discretion in determining the fee's reasonableness. (ECF No. 29.)

When determining whether an award of attorney's fees constitutes a windfall, courts must consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022) (concluding that a de facto hourly rate of $1,556.98 was reasonable and not a windfall).

3

After reviewing these factors, the Court is satisfied that the fee of $38,709.50 requested by Plaintiff's counsel is appropriate and would not constitute a windfall.

Plaintiff's counsel are experienced attorneys who secured a successful outcome for Plaintiff and diligently advocated on her behalf over the course of several years and through two appeals. Charles E. Binder of the Law Offices of Charles E. and Harry J. Binder worked 5.60 hours for Plaintiff across two appeals. (Pl. Mot. ¶ 12.)  Mr. Binder has handled thousands of administrative hearings and federal appeals and is a frequent lecturer and speaker in the field of Social Security disability.  (*Id.* ¶ 13.)  Mr. Daniel S. Jones devoted 35.80 hours to Plaintiff's most recent appeal. (*Id.* ¶¶ 14-15.)  Prior to becoming an attorney, Mr. Jones spent eight years working as a non-attorney representative for claimants appearing before the SSA at all levels of the administrative process, and since becoming an attorney, he has exclusively handled federal court appeals of Social Security disability claims for over a decade. (*Id.*)  Plaintiff's first appeal was handled by Mr. Eddy Pierre Pierre, who spent 16.20 hours on the appeal; Mr. Pierre Pierre practiced Social Security Disability law with the Law Offices of Charles E. Binder and Harry J. Binder for over 20 years. (*Id.* ¶¶ 16-17.)

The Court concludes that the aforementioned attorneys' extensive experience in the field of Social Security appeals

4

allowed the attorneys to accomplish "in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," especially given that Plaintiff's case was twice appealed to the district court. *Fields* at 854-55.

Further, Plaintiff's counsel had a long-standing relationship with Plaintiff, spanning over almost six years: Plaintiff's counsel started representing Plaintiff in 2015, when Plaintiff decided to pursue her first appeal. (*See* Pl. Mot. ¶ 3.) During the years' long representation, Plaintiff's counsel filed two appeals. (*See id.* ¶¶ 2-9.)

The next factor to consider is the satisfaction of the Plaintiff. Although there is no submission from Plaintiff before the Court supporting or opposing counsel's request for fees, Plaintiff received a satisfactory outcome in this case.

Lastly, Plaintiff's counsel faced a high level of uncertainty and expended significant effort in securing a favorable outcome for Plaintiff. Plaintiff's counsel began representing Plaintiff in September of 2015 in connection with Plaintiff's appeal of Administrative Law Judge ("ALJ") Wallace Tannenbaum's first denial of benefits. (*Id.* ¶¶ 2-3; ECF No. 24-3 at 2.) After the ALJ's decision was remanded, the Appeals Council remanded the case to ALJ Mark Solomon for a new hearing. (Pl. Mot. ¶ 6.) When ALJ Mark Solomon denied Plaintiff's claim for a second time, Plaintiff's counsel commenced another appeal, and this Court again

5

remanded the case.  (*Id.* ¶¶ 7-8.)  On April 14, 2021, nearly six years after Plaintiff's counsel filed the initial appeal, ALJ Solomon granted Plaintiff's claim for disability insurance benefits, retroactive to her alleged onset date in 2010.  (*Id.* ¶ 10.)  This lengthy history shows that a favorable outcome was less than certain and required the attorneys to expand significant effort in securing the outcome for their client.  Accordingly, the Court approves an award of fees in the amount of $38,709.50 pursuant to 42 U.S.C. § 406(b)(1)(A), to be paid by the Commissioner out of Plaintiff's past-due benefits in accordance with agency policy.  Plaintiff's counsel shall refund the EAJA fee award in the amount of $10,800.00 to Plaintiff.

**SO ORDERED**

Dated:   October 18, 2024
         Brooklyn, New York

**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York